FRED G. BORG, Defendant in Error, *vs.* J. B. STRAUSS, Plaintiff in Error.

*Opinion filed December 21, 1910.*

1. CONTRACTS—*when an employee's right to compensation is not governed by written contract.* If an employee remains in the service of his employer after the expiration of their written agreement under a new verbal agreement as to his compensation, the rights and liabilities of the parties with respect to such compensation are governed by the verbal contract and not the written one.

2. PRACTICE—*what is not a proposition of fact within meaning of section 61 of Practice act.* A proposition requested by the defendant and held by the court in a trial without a jury, to the effect that if the evidence showed that the plaintiff continued in the defendant's employ after the expiration of their written contract without any further or other agreement as to compensation then the rights and liabilities of the parties as to such compensation would be governed by the written agreement, is a proposition of law and not one of fact, within the contemplation of section 61 of the new Practice act.

3. APPEALS AND ERRORS—*what does not show that trial court misapplied the law to the facts.* The fact that judgment was given for the plaintiff, in an action tried by the court without a jury, notwithstanding the court held as the law a proposition presenting the defendant's theory of the law if the court found the facts to be as therein stated, does not show that the court misapplied the law to the facts, but only that it did not find the facts to be as contended by the defendant.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. JOHN H. HUME, Judge, presiding.

KREMER & GREENFIELD, for plaintiff in error.

McINERNEY, POWER & BYRNES, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

This suit is an action in assumpsit brought by defendant in error against plaintiff in error to recover for services performed. The case was tried in the municipal court of

the city of Chicago without a jury, and resulted in a judgment being rendered in favor of the defendant in error for $1151.90. Plaintiff in error appealed from the judgment to the Appellate Court for the First District, and that court affirmed the judgment. Upon the petition of plaintiff in error this court granted a writ of *certiorari,* and the record is brought here for review.

Both parties are civil engineers. Plaintiff in error was the inventor and designer of an "improved bascule bridge, an improved viaduct, and other improvements," and had letters patent thereon. He and defendant in error entered into a written agreement October 15, 1903, for one year, wherein it was stipulated that defendant in error was to work for plaintiff in error as an assistant engineer in charge of the office and of such engineering work as plaintiff in error was carrying on from time to time, but defendant in error was to receive no compensation for his services until plaintiff in error should obtain a satisfactory contract or contracts for the design and erection of one or more of his bridges or elevated structures, and when such contract had been obtained plaintiff in error agreed to pay defendant in error $140 per month, dating from May 1, 1903, to the time when such contract was obtained. Defendant in error remained in the service of plaintiff in error until June 15, 1905, during which time he did considerable work in preparing drawings for bridges and other structures for plaintiff in error, who was endeavoring to obtain contracts. No other written agreement was entered into between the parties during the period of service rendered by defendant in error for plaintiff in error, but defendant in error testified that about November, 1904, he had a conversation with the plaintiff in error about his future compensation, and that plaintiff in error then agreed, verbally, to pay him $150 per month, unconditionally. This was denied by plaintiff in er-

ror.  Defendant in error introduced in evidence as an ex-
hibit a paper which was as follows:

| | |
|---|---|
| 18 | 1358.30 |
| 140 | 400 |
| 720 | 1758 |
| 18 | |
| 2520 | |
| 900 | |
| 3420 | |
| 1758 | |

1662 due to May 1st, 1905.
By Mr. J. B. Strauss, May 16, 1905.

He testified that the paper was in the handwriting of
the plaintiff in error, except the words, "Due to May 1st,
1905.—By Mr. J. B. Strauss, May 16, 1905;" that it was
made in his presence by plaintiff in error and delivered to
him about May 16, 1905.  He also testified that plaintiff in
error said the figures "18" represented months and the fig-
ures "140" dollars; that the figures "900" represented dol-
lars, and plaintiff in error said it was six months at $150
per month. . The written words on the paper referred to
were written there by defendant in error, and he testified
he wrote them in the presence of plaintiff in error.  Plain-
tiff in error testified, when asked whether the figures on the
paper were in his handwriting: "I don't think those fig-
ures were made by me, but I wouldn't say definite; they
don't look like my figures; I don't think I ever made that;
I don't know."

At the conclusion of the evidence plaintiff in error sub-
mitted to the court a number of propositions of law, two
of which were held and the others refused.  One of the
propositions held was as follows:

"If the court finds, from the evidence, that the plaintiff,
by verbal agreement with the defendant, continued in the

employ of the defendant after October 15, 1904, the date mentioned therein for the expiration of the written contract in evidence between said parties dated October 15, 1903, and up to the 15th day of June, A. D. 1905, without any further or other agreement as to the compensation to be received by the plaintiff for his services, then the court is requested to hold, as a proposition of law, that the rights and liabilities of said parties, and each of them, as to the compensation to be received by the plaintiff from the defendant up to said 15th day of June, 1905, are governed and controlled by the terms of said written agreement."

The theory of plaintiff in error in the trial court was, that no new arrangement or agreement was ever made by the parties at the expiration of the written contract, and that defendant in error, by continuing in the service of plaintiff in error, impliedly agreed to do so for another year under the terms of the written agreement, and that by leaving plaintiff in error's employment before the expiration of that period he abandoned the contract and was not entitled to recover. The error complained of is, that the court, in the proposition above quoted, found the facts as contended for by plaintiff in error but misapplied the law. Section 61 of the present Practice act requires the court, in a case tried without a jury, to "find specially upon any material question or questions of fact which shall be submitted in writing by either party before the commencement of the argument." The proposition held by the court was construed by the Appellate Court to be one of law and not one of fact. In this we think the Appellate Court was right. By that proposition the court did not pretend to make a finding of facts, but merely stated the law applicable if the facts were found to be as contended for by the plaintiff in error. Evidently the court found the facts otherwise. If defendant in error continued in the service of plaintiff in error after the expiration of the written contract, upon the verbal agreement testified to by him, then the rights and liabili-

ties of the parties would not be governed by the written agreement.

We do not think there is any error of law in this record that would justify the reversal of the judgment. As to the facts, the Appellate Court said in its opinion: "The evidence is, we think, sufficient to warrant and support the finding and judgment," and we could not disturb the judgment on the ground that it was contrary to the evidence, and it is therefore affirmed.          *Judgment affirmed.*